IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CITY OF BIRMINGHAM RETIREMENT AND )
RELIEF SYSTEM, on behalf of themselves and all )
others similarly situated, )
)
        Plaintiff, )
)
v. )        Civ. No. 16-17-RGA
)
ALAN S. ARMSTRONG, FRANK T. MACINNIS, )
JOSEPH R. CLEVELAND, KATHLEEN B. )
COOPER, JOHN A. HAGG, JUANITA H. )
HINSHAW, RALPH IZZO, ERIC )
MANDELBLATT, KEITH A. MEISTER, )
STEVEN W. NANCE, MURRAY D. SMITH, )
JANICE D. STONEY, LAURA A. SUGG, THE )
WILLIAMS COMPANIES, INC., ENERGY )
TRANSFER EQUITY L.P., ENERGY )
TRANSFER CORP LP, ENERGY TRANSFER )
CORP GP, LLC, LE GP, LLC, and ENERGY )
TRANSFER EQUITY GP, LLC, )
)
        Defendants.

**MEMORANDUM ORDER**

Pending before the Court is a Motion for Expedited Discovery and Expedited Proceedings by the Plaintiff City of Birmingham Retirement and Relief System. (D.I. 3). With the instant Motion, Plaintiff seeks to lift the automatic stay imposed by the Private Securities Litigation Reform Act ("PSLRA") so that Plaintiff can conduct expedited discovery to support an anticipated filing of a motion to enjoin a proposed merger. For the reasons set forth below, Plaintiff's Motion is DENIED.

1.    **Background**. Plaintiff is a stockholder of the Williams Companies, Inc. ("Williams"). (D.I. 1, ¶ 12). On September 28, 2015, Williams and Energy Transfer Equity, L.P. ("ETE")

announced that they had entered into a definitive merger agreement whereby Williams will merge with and into an affiliate of ETE named Energy Transfer Corp LP ("ETC"), with ETC remaining as the surviving entity. (D.I. 1, ¶ 2).

2.      The individual defendants are the officers and directors of Williams. Plaintiff alleges that they breached their fiduciary duties and violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 by causing Williams to file a preliminary proxy statement (the "Proxy") on November 24, 2015 that contained incomplete and materially misleading information. (D.I. 1, ¶¶ 146-59, 164-69, 170-77).

3.      Plaintiff further alleges that defendants ETE, ETC, Energy Transfer Corp GP, LLC, LE GP, LLC, and Energy Transfer Equity GP, LLC (collectively, the "ETE Defendants") knowingly aided and abetted the individual defendants' breach of their fiduciary duties and dissemination of a false and misleading Proxy. (*Id.* at ¶¶ 160-63, 170-77). A stockholder vote on the proposed merger is not yet scheduled.

4.      On February 10, 2016, Williams and the individual defendants filed a motion to dismiss for failure to state a claim. (D.I. 46). On February 18, 2016, the ETE Defendants also filed a motion to dismiss for failure to state a claim. (D.I. 49). Briefing on both motions is in progress.

5.      **Discussion**. When plaintiffs bring a class action alleging securities fraud, the PSLRA provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). The automatic stay is still applicable even though some of the claims are asserted under state law. *See Winer Family Trust v. Queen*, 2004 WL 350181, at *3 (E.D. Pa. Feb. 6, 2004) (extending stay to plaintiff's breach of fiduciary duty claims because otherwise "Congress's

2

attempt to address concerns of discovery abuse would … be rendered meaningless"); *see also Spina v. Refrigeration, Serv. & Eng'g, Inc.*, 2014 WL 4996200, at *5 (E.D. Pa. Oct. 7, 2014) (collecting cases where courts that have held that the automatic stay provision of the PSLRA applies to pendent state law claims). Plaintiff bears the burden of demonstrating that a mandatory stay should be lifted. *Leone v. King Pharm., Inc.*, 2010 WL 4736271, at *3 (E.D. Tenn. Nov. 16, 2010).

6. Because Plaintiff has not argued that lifting the stay is necessary to preserve any evidence, the key issue here is whether allowing discovery is necessary to prevent undue prejudice. Some courts interpreting the PSLRA have defined undue prejudice as "improper or unfair treatment amounting to something less than irreparable harm." *Dipple v. Odell*, 870 F. Supp. 2d 386, 392 (E.D. Pa. 2012).

7. Plaintiff argues that the stay should be lifted to prevent undue prejudice resulting from an uninformed stockholder vote on the proposed transaction. (D.I. 4 at 19; D.I. 53 at 3). Plaintiff does not contend that no disclosures regarding the sale process and the value of Williams stock have been disclosed. Rather, Plaintiff argues that more detailed information is needed to allow stockholders to make a well-informed decision. Plaintiff has made only conclusory assertions that the Williams stockholders have been misled by defendants' disclosures or omissions.

8. Several courts have rejected the argument that the risk of an uninformed stockholder vote on a proposed transaction by itself creates undue prejudice. *See Lusk v. Life Time Fitness, Inc.*, 2015 WL 2374205, at *3 (D. Minn. May 18, 2015) (finding that lack of information before a stockholder vote did not amount to undue prejudice sufficient to lift stay because post-closing remedies were available); *Dipple*, 870 F. Supp. 2d at 392 (rejecting argument that the court can automatically find undue prejudice based on impending shareholder vote without testing the merits

3

of plaintiffs' claims); *Calleros v. FSI Int'l, Inc.*, 2012 WL 10918867, at *2 (D. Minn. Sept. 17, 2012) (finding no undue prejudice where plaintiff put forth only generic justifications rather than concrete evidence that shareholders have been misled by disclosures and omissions); *Botton v. Ness Tech. Inc.*, 2011 WL 3438705, at *3 (D.N.J. Aug. 4, 2011) (finding no undue prejudice from stockholder vote on the proposed transaction without adequate information because post-closing remedies exist); *Leone*, 2010 WL 4736271, at *4 (finding no undue prejudice from impending stockholder vote).[1]

9.    Plaintiff attempts to distinguish these cases by claiming that that there is an inherent policy difference between the individual claims pursued therein and the class action claims asserted here. (D.I. 53 at 7). But not all of the cases cited by Defendants involve individual claims. Some involve class claims. *See Leone*, 2010 WL 4736271, at *1; *Lusk*, 2015 WL 2374205, at *1; *Calleros*, 2012 WL 10918867, at *1.

10.    In addition, any inherent policy considerations applicable to stockholder class actions, if they exist, are adequately protected here. This action is one of seven actions which have been filed seeking to enjoin the proposed merger. The other six actions were filed in the Delaware Court of Chancery and have been consolidated under the caption *In re The Williams Companies, Inc.*

---

[1]    A rare case in which a court has found undue prejudice from the risk of a uniformed stockholder vote is *Ryan v. Walton*, 2010 WL 3785660 (D.D.C. Mar. 9, 2010). As Defendants point out, however, the holding rests entirely on a pre-PSLRA case, *Woodward & Lothrop, Inc. v. Schnabel*, 593 F. Supp. 1385 (D.D.C. 1984). (D.I. 42, 15-16). *Ryan* itself has never been followed, only criticized, because: (i) it did not fully address or analyze the undue prejudice standard articulated under PSLRA cases; and (ii) it assumed without analysis that monetary damages or appraisal did not provide an adequate remedy. *See Lusk*, 2015 WL 2374205, at *3 (finding *Ryan* unpersuasive); *Dipple*, 870 F. Supp. 2d at 393 (deciding that, unlike *Ryan*, it would incorporate the reasoning of *Woodward*).

*Merger Litigation*, C.A. No. 11844-VCG. In that action, plaintiffs challenged the same disclosures and omissions alleged here. The Court of Chancery found no colorable disclosure claims and denied expedition. (*See, e.g.* D.I. 48-1 at 39 (stating that the financial disclosure claims and the discussions of what happened at the dinner on September 24, 2015 did not raise colorable disclosure claims); D.I. 55 at 10-11 (holding that the only potentially colorable disclosure claim regarding the decision to pay a higher termination fee to cancel a different acquisition contract was mooted by Defendants' supplemental disclosures)). Plaintiff has made no effort to show that the state court proceedings, already advanced beyond the status of this litigation, do not sufficiently protect the interest of the Williams stockholders, "making this action duplicative." *See Leone*, 2010 WL 4736271, at *4 (finding no undue prejudice for these reasons).

11.    In sum, Plaintiff has not shown that it will suffer undue prejudice if the discovery stay is not lifted. Consequently, the court need not consider whether its discovery requests are sufficiently particularized, or whether good cause exists to expedite discovery.

12.    **Conclusion**. Based on the foregoing reasons, Plaintiff's Motion for Expedited Discovery and Expedited Proceedings (D.I. 3) is DENIED.

Wilmington, Delaware
March __, 2016

United States District Judge